NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | | |
|---|---|---|
| MOISES SANCHEZ-LLAMAS, | ) | No. 14-35481 |
| | ) | |
| Petitioner - Appellant, | ) | D.C. No. 6:11-cv-01310-TC |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| ROB PERSSON, | ) | |
| | ) | |
| Respondent - Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted October 14, 2015[**]
Portland, Oregon

Before: FERNANDEZ, GILMAN,[***] and BEA, Circuit Judges.

Moises Sanchez-Llamas appeals the district court's denial of his petition for

a writ of habeas corpus.  *See* 28 U.S.C. § 2254.  We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(1)     We first hold that we have jurisdiction to hear this appeal.  *See* 28 U.S.C. §§ 1291, 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003).  The parties agree that the district court implicitly granted a Certificate of Appealability (COA) on the issue now before us.  The record offers support for that position, but we discourage the method used.  In any event, we recognize that Sanchez's filing of a Notice of Appeal was a request that we issue a COA,[1] and on the record before us we will do so for the purpose of accomplishing substantial justice regarding the issues decided by the district court.[2]

(2)     Sanchez first asserts that the state courts improperly determined that his waiver of his *Miranda*[3] rights was knowing and intelligent.  We disagree.  Upon our review of the record, Sanchez has not rebutted the presumption of correctness afforded to the state court's factual determination that Sanchez's waiver was knowing and intelligent by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 340, 123 S. Ct. at 1041; *Doody v. Ryan*, 649 F.3d 986, 1002 (9th Cir. 2011) (en banc); *United States v. Doe*, 155 F.3d 1070,

---

[1]Fed. R. App. P. 22(b)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 1603, 146 L. Ed. 2d 542 (2000).

[2]*See Wilson v. Belleque*, 554 F.3d 816, 826–28 (9th Cir. 2009).

[3]*Miranda v. Arizona*, 384 U.S. 436, 467–68, 86 S. Ct. 1602, 1624–25, 16 L. Ed. 2d 694 (1966).

1074 (9th Cir. 1998). And to the extent that Sanchez asserts an unreasonable application of clearly established federal law, we are not able to say that "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the] Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011).

For example: Sanchez's low English-comprehension skills are not enough to show that the state court acted unreasonably where, as here, there was evidence that he was advised of his rights in Spanish twice and indicated that he understood. Nor is it enough to point out that he was intoxicated to some degree where there was substantial evidence that he was coherent and responsive. *See Matylinsky v. Budge*, 577 F.3d 1083, 1095 (9th Cir. 2009); *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 855 (9th Cir. 2004), *overruled on other grounds as recognized in United States v. Aguila-Montes de Oca*, 655 F.3d 915, 945–46 (9th Cir. 2011) (en banc). Nor is his claimed unfamiliarity with the United States system of justice sufficient. *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1259 (9th Cir. 2005).

(3) Sanchez also argues that his confession was not voluntary. However, on this record the state court's determination to the contrary was reasonable. There was ample evidence to permit the state court to reasonably determine that, under

3

the totality of the circumstances, at no point was Sanchez's will overborne. *See Dickerson v. United States*, 530 U.S. 428, 434, 120 S. Ct. 2326, 2331, 147 L. Ed. 2d 405 (2000); *see also Yarborough v. Alvarado*, 541 U.S. 652, 667–68, 124 S. Ct. 2140, 2151, 158 L. Ed. 2d 938 (2004); *Brown v. Horrell*, 644 F.3d 969, 979 (9th Cir. 2011). The record shows that the evidence could reasonably be read to support a determination that far from being coercive, the officers here were respectful and humane, and showed concern for Sanchez's needs. That included a willingness to take Sanchez to a hospital, which he declined for some time, and then taking him when he agreed to go.

Although Sanchez mentions promises of leniency, he points to no such promises before or after the *Miranda* warnings, and, in context, exhortations that it would be better if he talked now rather than later were insufficient to require a determination that he was promised leniency or coerced. *See United States v. Harrison*, 34 F.3d 886, 891 (9th Cir. 1994); *United States v. Bautista-Avila*, 6 F.3d 1360, 1364 (9th Cir. 1993).

To the extent Sanchez asserts that his waiver of his *Miranda* rights was not voluntary, we disagree. Just as his confession was voluntary, so too was his waiver of his *Miranda* rights, and the state court's determination on this issue was reasonable. *See Bautista-Avila*, 6 F.3d at 1365; *see also Colorado v. Connelly*, 479

4

U.S. 157, 169–70, 107 S. Ct. 515, 523, 93 L. Ed. 2d 473 (1986).

AFFIRMED.